**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANSER SILABAN, | No. 07-74925 |
| Petitioner, | Agency No. A095-635-760 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Nanser Silaban, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We grant the petition for review and remand.

Substantial evidence supports the BIA's determination that Silaban did not suffer past persecution because the incidents he suffered in Indonesia, including threats, discrimination, and minor physical harm, did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1181-82 (9th Cir. 2003).

The BIA concluded that Silaban could not demonstrate a clear probability of future persecution in part because his remaining family members continued to practice their Christian religion without difficulty. This finding is not supported by substantial evidence, because as a religious leader who received individualized threats, Silaban was not similarly situated to his remaining family members. *See Lim v. INS*, 224 F.3d 929, 935 (9th Cir. 2000). The BIA also concluded that as an Indonesian Christian, Silaban was not a member of a disfavored group. In light of our recent intervening decision in *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010), we remand for the BIA to assess Silaban's withholding of removal claim under the disfavored group analysis in the first instance. *See Wakkary*, 558 F.3d at 1067, *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

07-74925